LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Plaintiff
MSC MEDITERRANEAN SHIPPING COMPANY S.A.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

| | |
|---|---|
| MSC MEDITERRANEAN SHIPPING COMPANY S.A., <br><br> Plaintiff, <br><br> -against- <br><br> BERNUTH LINES LTD., <br><br> Defendant. | **ECF CASE** <br><br> 12 Civ. <br><br> **VERIFIED COMPLAINT** |

Plaintiff MSC MEDITERRANEAN SHIPPING COMPANY S.A. ("MSC"), by its attorneys, Lyons & Flood, LLP, as and for its Verified Complaint against defendant BERNUTH LINES LTD. ("BERNUTH"), alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the action falls within the Court's subject matter jurisdiction pursuant to 28 USC §§ 1331 and 1333.

2. At all material times, plaintiff MSC was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of business in Switzerland and was and still is a common carrier by water for hire.

3. Upon information and belief, at all material times, defendant BERNUTH was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of business in Miami, Florida, and was and still is a common carrier by water for hire.

- 2 -

4. Upon information and belief, at all material times, non-party MS "Angeln" GmbH & Co. KG was the owner of the M/V ANGELN (the "Vessel").

5. Upon information and belief, at all material times, non-party Angeln Shipping Company Ltd. was the bareboat charterer of the Vessel.

6. Upon information and belief, at all material times, non-party Angeln Shipping Company Ltd. had sub-chartered the Vessel to BERNUTH by a time charter dated December 22, 2008.

7. At all relevant times, MSC and BERNUTH were parties to a Connecting Carrier Agreement ("CCA") whereby the parties agreed to an arrangement for the carriage of MSC's containerized cargo aboard vessels owned, chartered, and/or operated by BERNUTH, including the Vessel.

8. Pursuant to the CCA, BERNUTH agreed and warranted that MSC's containerized cargo would be safely transported between the relevant ports of loading and discharge aboard seaworthy vessels that were to be furnished by BERNUTH.

9. Prior to the subject casualty, and pursuant to the terms of the CCA, approximately 125 containers of cargo, moving under MSC bills of lading, were stowed aboard the Vessel and destined for various ports.

10. On or about February 21, 2010, shortly after departing from Vieux Fort, St. Lucia, the Vessel capsized and sank in charted waters and in sea and weather conditions altogether typical and expected at the subject place and time of year.

11. The sinking of the Vessel was due to, among other things, the negligence, fault, lack of care, breach of bailment, gross negligence, willful, wanton, and/or reckless misconduct, acts, or omissions of BERNUTH.

12. By reason of the foregoing, and in violation of BERNUTH's contractual obligations under the applicable contract of carriage between MSC and BERNUTH, and its obligations and duties as carriers of merchandise by water for hire, BERNUTH failed to deliver in like good order and condition as when shipped, delivered to, and received by them, the cargo in the 125 containers and the 125 containers moving under MSC bills of lading which were stowed aboard the Vessel, and on the contrary, failed to deliver the cargo in the 125 containers and the 125 containers entirely, or delivered them in a seriously damaged state which greatly impaired the value of the containers and the cargo contained therein.

13. As a result of the sinking of the Vessel and BERNUTH's breach of the applicable contract of carriage, MSC has incurred the direct loss of its containers, the value of which exceeds $450,000.00, as nearly as can now be calculated.

14. As a result of the sinking of the Vessel and BERNUTH's breach of the applicable contract of carriage, third-party cargo owners and underwriters have made claims against MSC including, but not limited to, claims for cargo loss, shortage, and/or damage, the value of which is estimated to exceed $3,000,000.00, as nearly as can now be calculated.

15. In the event MSC is found responsible or liable for any cargo loss, shortage, damage and/or loss of any kind, which is denied, MSC seeks indemnity and/or contribution from BERNUTH for all amounts which MSC may be compelled to pay, as well as the costs, disbursements, and attorneys' fees incurred in the defense of such claims whether in this proceeding or in any other proceeding foreign or domestic. Responsibility and liability for such third-party claims rests with BERNUTH, and/or others to whom MSC is neither responsible nor liable, and said responsibility or liability did not arise from any fault, breach of contract, bailment, or warranty, neglect, or want of due care on the part of MSC.

16. In connection with the sinking of the Vessel, MSC and BERNUTH have filed claims in a proceeding commenced in the United States District Court for the Southern District of New York by non-parties MS "Angeln" GmbH & Co. KG and Angeln Shipping Company Ltd. seeking exoneration from or limitation of liability with respect to the casualty, bearing the caption *In the Matter of the Complaint of MS "Angeln" GMBH & Co. KG and Angeln Shipping Company Ltd.*, 10 Civ. 4820 (GBD) (the "Limitation Proceeding"). (A true and accurate copy of the Complaint filed in the Limitation Proceeding is annexed hereto as Exhibit A).

17. MSC has asserted Cross-Claims against BERNUTH in the Limitation Proceeding seeking indemnity and/or contribution as set forth above. (A true and accurate copy of the Cross-Claims filed by MSC against BERNUTH in the Limitation Proceeding is annexed hereto as Exhibit B).

18. On March 17, 2011, BERNUTH filed an Answer to MSC's Cross-Claims. (A true and accurate copy of BERNUTH's Answer to MSC's Cross-Claims is annexed hereto as Exhibit C).

19. On or about July 15, 2011, BERNUTH and MSC entered into a Stipulation and Order Permitting Jurisdiction Over Claims providing that "[a]ny claims, cross-claims, or counterclaims between MSC and BERNUTH arising out of or in connection with the sinking of the M/V ANGELN shall be adjudicated in the subject limitation proceeding...." (A true and accurate copy of the Stipulation and Order Permitting Jurisdiction Over Claims entered into between MSC and BERNUTH is annexed hereto as Exhibit D).

20. MSC now commences the instant action seeking security for its Cross-Claims against BERNUTH which are pending in the Limitation Proceeding, pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the

Federal Rules of Civil Procedure.

21. The defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, but upon information and belief, BERNUTH has, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court held in the hands of garnishees, which are believed to be due and owing to defendant BERNUTH.

22. Upon information and belief, defendant BERNUTH has provided ocean carriage services upon behalf of the Hamburg Süd Group and Hapag-Lloyd.

23. Upon information and belief, freight payments and other monies owed to BERNUTH in connection with these services are presently in the hands of garnishees Hapag-Lloyd (America) Inc. and Hamburg Sud North America, Inc., who are present within this District.

24. Plaintiff MSC hereby demands:

    (a) Payment of $450,000.00 as security for the damages which MSC has incurred due to the loss of its containers;

    (b) Payment of $3,000,000.00 as security for the claims made against MSC with respect to cargo loss, shortage, and/or damage to cargoes aboard the Vessel, for which MSC is entitled to indemnity from BERNUTH pursuant to the CCA; and

    (c) Payment of $750,000.00 as security to cover the legal costs which MSC has incurred in connection with the Limitation Proceeding and other proceedings, for which MSC is entitled to indemnity from BERNUTH

pursuant to the CCA. Plaintiff reserves the right to amend the demand in the event the legal costs increase over time.

**Total $4,200,000.00**

WHEREFORE, plaintiff MSC prays that:

a.   process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against defendant citing it to appear and answer under oath all and singular the matters alleged;

b.   since defendant cannot be found within this District, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, attaching all of the defendant's tangible or intangible property in this District or claimed by or being held for, belonging to, due or being transferred to, from, or for the benefit of defendant by any garnishees within this District, in the amount of $4,200,000.00 to secure plaintiff MSC's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged;

c.   this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary;

d.   judgment be entered by this Court in favor of plaintiff and against defendant enforcing and recognizing any judgment(s) that may be rendered on the claims set forth herein; and

e.   plaintiff has such other, further, and different relief as this Court may deem just and proper.

Dated this 18th day of October, 2012, at New York, New York.

                         LYONS & FLOOD, LLP
                         Attorneys for plaintiff
                         MSC MEDITERRANEAN SHIPPING
                         COMPANY, S.A.

By:    s/ Jon Werner
         Jon Werner
         65 West 36th Street, 7th Floor
         New York, New York 10018
         (212) 594-2400

U:\FLOODDOC\2549147\Legal\Rule B\Verified Complaint.doc

## **VERIFICATION**

Jon Werner, the undersigned, an attorney admitted to practice in this Court, state that I am the attorney of record for plaintiff MSC MEDITERRANEAN SHIPPING COMPANY, S.A., in the within action; I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my knowledge based on documents in my file, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The reason this Verification is made by me and not an officer of plaintiff MSC MEDITERRANEAN SHIPPIN G COMPANY, S.A., is because there are no officers now present in this District.

I verify under penalty of perjury that the foregoing is true and correct. Executed on this 18th day of October, 2012, at New York, New York.

                                                                  ___s/ Jon Werner_____
                                                                       Jon Werner

U:\FLOODDOC\2549147\Legal\Rule B\Verified Complaint.doc